IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION NO. 15-00302-2 |
| TERRELL HAMPTON | |

**PAPPERT, J.**                                                                                              **August 10, 2020**

### MEMORANDUM

Terrell Hampton moves for compassionate release. Because extraordinary reasons do not warrant Hampton's release and the 18 U.S.C. § 3553(a) factors counsel against granting relief, the Court denies the Motion.

### I

In 2018, a jury found Hampton guilty of wire fraud, attempted wire fraud, wire fraud conspiracy and aggravated identity theft. *See* (Judgment 1, ECF No. 391). The Court sentenced him to a total of 119 months' incarceration. (*Id.* at 2.) So far, he has served about twenty-five months of that sentence and is scheduled for release in November of 2026. *See* (Gov't Resp. 2, ECF No. 438).

Following the onset of the COVID-19 pandemic, Hampton petitioned the warden of his prison for compassionate release. *See* (*id.*) The warden denied the request. (*Id.*)

Having exhausted his prison remedies, Hampton now moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] *See* (Mot. for Release 1, ECF

---

[1] Hampton also asks the Court to convert his prison term to one of home confinement *See* (Mot. for Release 1, ECF No. 418). The Court, however, is powerless to grant that request. Congress has invested the Bureau of Prisons—not the courts—with the discretion to determine whether home confinement is appropriate for a given prisoner. *See United States v. Pettiway*, No. CR 08-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Congress did not provide the courts with the authority to release inmates into home confinement . . . ."); *United States v. Rodriguez-Collazo*, No. 14-CR-00378-JMY, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) (same); *see also United States v. Tapia*,

1

No. 418). He argues that his past chronic smoking and abuse of alcohol and other drugs compromised his immune and respiratory systems, putting him at grave risk of serious illness or death should he contract COVID-19. (*Id.* at 2.) And given the realities of prison life, Hampton contends, his chances of contracting COVID-19 are far higher than they would be if he were released. *See* (*id.* at 2–5). But Hampton's prison medical records give no hint of his claimed maladies. *See generally* (Gov't Resp. Ex. A, ECF No.439). In fact, the records indicate that Hampton has recently denied suffering from respiratory problems or other ailments. *See* (*id.* at 17, 41).

## II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). But before releasing an inmate a court must also "consider[] the factors set forth in section 3553(a)." *Id.* Relevant factors include "the history and characteristics of the defendant" and the need for the sentence "to promote respect for the law" and "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (2)(A), (C).

Hampton fails to show that extraordinary and compelling reasons warrant his release. His professed medical ailments lack any support. Indeed, the record paints a picture of a healthy forty-year-old man with no medical conditions distinguishing him from the general prison population. *See, e.g.*, (Gov't Resp. Ex. A, at 44) (noting Hampton's only complaint was of mild tooth pain); *cf.* Coronavirus Disease 2019, *Your Health*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/

---

564 U.S. 319, 331 (2011) (explaining that once "a court sentences a federal offender, the BOP has plenary control" over where the prisoner serves his sentence).

2019-ncov/need-extra-precautions/evidence-table.html (last visited August 10, 2020). At bottom, Hampton offers nothing but "the existence of a widespread health risk" to justify his release. *United States v. Roeder*, 807 F. App'x 157, 160 (3d Cir. 2020) (unpublished). But "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even if extraordinary and compelling reasons did exist, the § 3353(a) factors counsel against releasing Hampton. In his forty years, he has accumulated five criminal convictions and multiple violations of supervised release. *See* (PSR ¶¶ 49–53). While awaiting trial in this case, Hampton proved incapable of following the Court's orders. *See* (ECF Nos. 321 & 383). And despite his repeated incarcerations, he still refuses to accept responsibility for his actions; instead, he casts himself as the victim. *See* (Mot. for Release 8–9). Releasing Hampton after just twenty-five months would neither account for his "history and characteristics" nor "promote respect for the law." 18 U.S.C. § 3553(a)(1), (2)(A). And given Hampton's lengthy record of flouting the law and preying on vulnerable individuals, *see* (Gov't Resp. 1–2), the Court believes he remains a danger to the community, *see* 18 U.S.C. § 3553(a)(2)(C). For these reasons, the Court denies Hampton's Motion. *Cf. United States v. Pawlowski*, --- F.3d ----, No. 20-2033, 2020 WL 4281503, at *3 (3d Cir. June 26, 2020) (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

4