IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

TERRELL HAMPTON

*Defendant.*

CRIMINAL ACTION
NO. 15-302-2

Pappert, J.  January 3, 2024

**MEMORANDUM**

Terrell Hampton moves for a reduction in his sentence (specifically "termination of the remainder of his term of imprisonment") pursuant to 18 U.S.C. § 3582 or "any other applicable law," and to vacate his convictions for aggravated identity theft. The Court denies the motion because Hampton does not provide an extraordinary and compelling reason to reduce his sentence or any ground to vacate the convictions.

I

In 2018, a jury found Hampton guilty of, *inter alia*, two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A, which outlaws the transfer, possession, or use, without lawful authority of "a means of identification of another person," during and in relation to another specified federal felony. *See* (Judgment 1, ECF No. 391). The Court sentenced Hampton to a total of 119 months incarceration on all counts of conviction. (*Id.* at 2).

Hampton's identity theft convictions arise from documents that purported to transfer ownership of a house at 5357 Delancey Street from two individuals to Roxanne Mason, who was Hampton's father's fiancée. Mason fraudulently claimed to be the

granddaughter of the homeowners, who in actuality died long before the bogus property transfer. Mason filed a sham March 8, 2010 "deed" for 5357 Delancey Street with the Philadelphia Department of Records on July 8, 2010 and filed a Real Estate Tax Certification for the property claiming a tax exemption based on her false familial relationship with the deceased property owners. As the Court has previously explained, "[a]lthough the title was in Mason's name, the evidence showed that [Hampton] was involved in the acquisition and disposition of the Delancey Street House. Recordings between Mason and [Hampton's father] reveal that [Hampton] prepared the phony deed and fraudulent tax transfer certificate for Delancey Street." *United States v. Hampton,* No. CR 15-302-2, 2018 WL 2219335, at *4 (E.D. Pa. May 15, 2018).

The Court previously denied Hampton's motion for compassionate release under 18 U.S.C. § 3582 (ECF No. 444), and denied his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (ECF No. 497). This time, Hampton argues the Supreme Court's recent decision, *Dubin v. United States*, 599 U.S. 110 (2023), which construed the federal aggravated identity theft statute, 18 U.S.C. § 1028A, casts doubt on his aggravated identity theft convictions and therefore provides an "extraordinary and compelling" reason to reduce his sentence.

For starters, 18 U.S.C. § 3582 is not the proper vehicle for Hampton's motion. And even if it were, the Supreme Court's holding in *Dubin* does not affect the propriety of his convictions for aggravated identity theft, and the § 3553(a) sentencing factors counsel against a sentence reduction.

II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). But before releasing an inmate a court must also "consider[] the factors set forth in section 3553(a)." *Id.* Relevant factors include the history and characteristics of the defendant" and the need for the sentence "to promote respect for the law" and "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (2)(A), (C).

III

A

An intervening judicial decision like *Dubin*, which narrows the scope of a criminal statute, does not amount to an "extraordinary and compelling" circumstance under 18 U.S.C. § 3582(c)(1)(A). "[W]hat the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021) (quoting *United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021)). And the Supreme Court has held there is "nothing fundamentally surprising" about the unavailability of a remedy following an intervening change in statutory interpretation. *Jones v. Hendrix*, 599 U.S. 465, 492 (2023) (holding § 2255(e) does not allow a prisoner claiming an intervening change in interpretation of a criminal statute to circumvent restrictions on second or successive § 2255 motions by filing a § 2241 petition).

The Sentencing Commission's latest policy statements also show that Hampton does not raise an extraordinary and compelling reason for release. Sentencing

reductions must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A). The new policy statement at § 1B1.13, which became effective November 1, 2023, provides that a change in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists" except where the defendant has received an "unusually long sentence and has served at least ten years of the term of imprisonment." USSG § 1B1.13, p.s. Hampton's 119-month sentence is not unusually long as it was within his sentencing guideline range, and he has not served ten years.

B

Even if Hampton could proceed under § 3582(c)(1)(A) or any other vehicle, he misapplies the Supreme Court's holding in *Dubin*. In that case, the defendant was convicted of healthcare fraud for overbilling Medicaid, as well as for using a patient's Medicaid reimbursement number on the fraudulent claim. *Dubin*, 599 U.S. 113–14. In vacating the aggravated identity theft conviction on these facts, the Court held that to violate § 1028A(a)(1), another person's means of identification must be at "the crux of what makes the underlying offense criminal, rather than merely an ancillary feature of a billing method." *Id.* at 114. In the context of a fraud offense, aggravated identity theft requires "the means of identification specifically must be used in a manner that is fraudulent or deceptive. Such fraud or deceit going to identity can often be succinctly summarized as going to 'who' is involved." *Id.* at 131–132.

Hampton forged deeds and other documents using the names of deceased persons who appeared in the chains of title to the properties that he wished to confiscate. Hampton misrepresented the identities of the transferors of the stolen

Delancey Street property. His unauthorized use of these persons' names was deceptive and tied to the "crux" of the fraud offenses, and *Dubin* does not undermine the validity of Hampton's convictions.

C

As the Court has detailed before, *see* (Mem. Den. Mot. for Comp. Release, ECF No. 443), even if extraordinary and compelling circumstances existed, the § 3553(a) factors counsel against releasing Hampton. He has five criminal convictions and multiple violations of supervised release. *See* (PSR ¶¶ 49–53). Releasing Hampton after less than six years would neither account for his "history and characteristics" nor "promote respect for the law." 18 U.S.C. § 3553(a)(1), (2)(A). The Court also believes Hampton's lengthy record indicates he remains a danger to the community. *See* 18 U.S.C. § 3553(a)(2)(C).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.